```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROLEX WATCH U.S.A., INC,

                    Plaintiff,
        -against-                              **MEMORANDUM AND ORDER**
                                               Case No. 06-CV-3026 (FB) (CLP)
QUIN QUANG RONG, individually and d/b/a
WWW.MYROLEXREPLICA.COM, and AP
INTERNET MARKETING, INC.,

                    Defendants.
------------------------------------------------------------x
```

*Appearances:*
*For the Plaintiff:*
MATTHEW WRIGHT CARLIN, ESQ.
Gibney Anthony & Flaherty LLP
665 Fifth Avenue
New York, NY 10022

**BLOCK, Senior District Judge:**

On June 19, 2006, plaintiff filed a complaint against defendants alleging trademark infringement, false designation of origin and false description, cybersquatting and unfair competition. On February 23, 2007, plaintiff filed a Request to Enter Default against both defendants pursuant to Federal Rule of Civil Procedure 55(a), *see* Docket Entry No. 15 (Mot. for Entry of Default); however, on June 22, 2007, plaintiff filed a notice of voluntary dismissal without prejudice against defendant Quin Quang Rong, individually and d/b/a www.myrolexreplica.com, pursuant to Federal Rule of Civil Procedure 41(a)(1), *see* Docket Entry No. 18 (Notice of Voluntary Dismissal). The Clerk of the Court subsequently entered a notation of default against defendant AP Internet Marketing, Inc. ("AP"). *See* Electronic Docket Entry dated July 12, 2007 (Clerk's Entry of Default).

1

Plaintiff now moves for entry of a default judgment against AP pursuant to Federal Rule of Civil Procedure 55(b)(2).

Plaintiff has submitted two affidavits of service on AP. The first affidavit states that a copy of the summons and complaint was "[l]eft . . . at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein" and "[p]laced under the [d]oor of [l]ocation Apt 4R"; this affidavit was submitted with a copy of the summons, which lists AP's address as "7110 PARK AVENUE, FRESH MEADOWS, NEW YORK 11365." Docket Entry No. 7 (Summons Returned Executed dated Oct. 10, 2006). The second affidavit states that service was executed "by regular mail" to the same address listed on the summons; it does not reference "Apt 4R." Docket Entry No. 9 (Aff. of Service dated Oct. 11, 2006). These affidavits are suspect since another affidavit of service in this action describes service on "Alexander Rong" at a different address, but also with "Apt 4R." *See* Docket Entry No. 8 (Aff. of Service dated Oct. 11, 2006) (describing service on "Alexander Rong" at "159-10 71st Avenue, Apt 4R[,] Fresh Meadows, New York 11365.").

In any event, neither of these attempts at service would be sufficient under the Federal Rules of Civil Procedure. Rule 4 requires service on a corporation within the district to be effected either (1) in the manner prescribed under the law of the state where the district court is located or (2) by delivery to an officer or agent of the corporation authorized to receive service, *see* Fed. R. Civ. P. 4(e)(1), (h)(1); under the law of New York, where this Court is located, service on a corporation can only be effected by delivery of the summons and complaint to (1) an officer or agent of the corporation authorized to receive

service, (2) a registered agent of the corporation or (3) a person authorized to receive service at the office of the department of state in Albany, New York. *See* N.Y. C.P.L.R. § 311(a)(1); N.Y. Bus. Corp. Law § 306. Plaintiff's affidavits of service do not reflect that these requirements were met.

Accordingly, plaintiff's motion for default judgment is denied and the Clerk's notation of default against AP is vacated. Plaintiff shall perfect service on AP within twenty days of the date of this Memorandum and Order.

**SO ORDERED.**

/signed/

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 22, 2007